This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-37777**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**FRANK A. LUCERO,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Dustin K. Hunter, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Anne Minard, Assistant Attorney General
Albuquerque, NM

for Appellee

Frank A. Lucero
Roswell, NM

Pro se Appellant

### MEMORANDUM OPINION

**YOHALEM, Judge.**

**{1}** Defendant Frank Lucero appeals his convictions, following a jury trial in the district court, for misdemeanor traffic offenses. Defendant raises two issues on appeal: (1) whether the district court erred in denying Defendant's motion to strike the jury venire as not representative of the community, and (2) whether the district court lacked subject matter jurisdiction because the State charged Defendant's misdemeanor offenses by criminal information, rather than by criminal complaint. For the reasons explained below, we conclude that the jury venire was constitutionally sufficient, and

that the State is authorized to charge a misdemeanor by criminal information. Accordingly, we affirm Defendant's convictions.

## BACKGROUND

**{2}** Defendant appeals his convictions in the district court for three traffic violations for which he was cited during a motor vehicle stop. Defendant was charged by the filing of a criminal information in the district court.

**{3}** On the morning of trial, during voir dire, Defendant, appearing pro se, questioned the thirty-four-person jury venire. Defendant asked the potential jurors to raise their hands if they were registered Democrats. Three potential jurors raised their hands.

**{4}** In a hearing outside of the presence of the jury, Defendant asked the district court why there were only thirty-four potential jurors present, as opposed to the fifty-five on the list of the jury venire that Defendant had been provided prior to trial. The district court judge explained that he had requested fifty-five potential jurors to ensure that there were enough jurors for trial. On the day of trial, however, out of the fifty-five prospective jurors that had been originally assigned, thirty-eight or thirty-nine appeared (four or five of whom the judge dismissed because they had served as jurors in a previous criminal trial of Defendant).

**{5}** Defendant orally moved to strike the jury venire on the grounds that it contained an insufficient number of Democrats to be a fair cross-section of the community. The district court denied the motion. The matter proceeded to trial, and Defendant was convicted on all counts.

## DISCUSSION

### I. Defendant Did Not Make a Prima Facie Showing That the Jury Venire Was Not Representative of the Community

**{6}** Defendant argues that the district court erred in denying his motion to strike the jury venire. Such motions present a mixed question of law and fact that we review de novo. *State v. Casillas*, 2009-NMCA-034, ¶ 9, 145 N.M. 783, 205 P.3d 830.

**{7}** Under NMSA 1978, Section 38-5-16 (1969), a defendant may, before the empaneling of the jury, move to quash or strike the jury venire on the grounds that the venire was not selected substantially in accordance with the law. In this case, Defendant timely claimed that the jury venire contained so few registered Democrats that it failed to represent a "fair cross-section of the community," as required by both the federal and New Mexico constitutions. *See* U.S. Const. amends. VI and XIV, § 1; N.M. Const. art. 2, § 14; *State v. Aragon*, 1989-NMSC-077, ¶¶ 5, 25, 109 N.M. 197, 784 P.2d 16.

**{8}** To determine whether a jury is selected from a fair cross-section of the community, New Mexico applies the three-pronged prima facie case set forth in *Duren v. Missouri*, 439 U.S. 357, 364 (1979). *State v. Flores*, 2015-NMCA-002, ¶ 16, 340 P.3d 622. Under *Duren*, a defendant must make a prima facie showing that (1) a "distinctive group" exists within the community in question; (2) the group's representation in the venire from which the jury was selected was not fair and reasonable in relation to the number of such persons in the community; and (3) the under-representation in the jury venire results from systematic exclusion of the group in the jury-selection process. *Flores*, 2015-NMCA-002, ¶ 16. If the defendant establishes all three elements, the burden shifts to the state to defend its practices by demonstrating that the exclusion of the group in question advances a significant state interest. *Id.*

**{9}** We do not decide whether registered Democrats constitute a "distinctive group" in the community; nor do we decide whether Democrats were underrepresented when compared to their percentage among the population of Chaves County eligible to serve on a jury. We resolve this case solely on the third element because Defendant failed to establish that any under-representation of Democrats in the jury venire was due to systemic exclusion of that group in the jury selection process.

**{10}** Defendant's argument as to systematic exclusion of Democrats from the jury venire is limited to quoting the district court's answer to Defendant's question about why the jury venire had been reduced from fifty-five to thirty-four jurors. In the course of explaining that the reduction was due to the failure of potential jurors to appear, the district court judge explained that the new statewide jury seating system provides the court a list "for the number of jurors we called in." The district court judge then stated that he "chose" fifty-five as the number to call for the day of Defendant's trial to give the court enough jurors.

**{11}** Defendant focuses on the district court judge's use of the word "chose," arguing that this statement is an admission by the district court judge that he hand-picked the individuals on the jury venire. Defendant, however, misconstrues the district court judge's description of the process. Contrary to Defendant's claim, the record shows that the judge "chose" the number of potential jurors that would be included on the list provided to the district court through the statewide jury seating system. In this case, there was no evidence of impermissible manipulation of the jury selection process. *Cf. Flores*, 2015-NMCA-002, ¶ 19 (holding that the district court clerk's placement of all Spanish-only speaking prospective jurors on a single venire panel, so other panels contained no Spanish-only speakers, was a "miscarriage" of the court's responsibility to empanel jurors in a random manner).

**{12}** Defendant has not established the necessary third element of a prima facie case of underrepresentation of Democrats in the jury venire and thus has not demonstrated error by the district court. We, therefore, affirm the decision of the district court denying Defendant's motion to disqualify the jury venire.

**{13}** Defendant also argues that this Court should modify the third element of the *Duren* prima facie case because Rule 5-606(E)(2) NMRA, which requires that jury questionnaires be destroyed following the conclusion of the trial on which the juror in question served, makes proof of systematic exclusion impossible. We do not agree. Rule 5-606(E)(2)(a) provides that jury questionnaires can be retained for a longer period of time by court order. Moreover, there may be other avenues of proving systematic exclusion of a distinctive group of potential jurors, outside the questionnaires. Defendant having advanced no other argument why the *Duren* test ought to be modified, we decline to do so.

## II.    The State May Initiate a Misdemeanor Criminal Proceeding in District Court by Complaint, Criminal Information, or Indictment

**{14}** Defendant argues that the district court lacked subject matter jurisdiction over his traffic offenses because the State initiated the district court proceedings by criminal information, something Defendant alleges is not authorized by Article II, Section 14 of the New Mexico Constitution, or by statute. We review jurisdictional issues de novo. *State ex rel. Bevacqua-Young v. Steele*, 2017-NMCA-081, ¶ 6, 406 P.3d 547.

**{15}** Our New Mexico Constitution requires capital, felonious, or infamous crimes to be charged by indictment or information. N.M. Const., art. II, § 14. Although the constitution does not require misdemeanors or petty misdemeanors to be charged in any particular manner, there is no prohibition on charging these crimes by criminal information or indictment. *See id.*

**{16}** Defendant points out that until 1972, a district attorney was required, by Supreme Court Rule 35-4401 NMRA (1929), to prosecute all misdemeanors by criminal information. In 1972, our Supreme Court adopted the Rules of Criminal Procedure for the District Courts, rules which remain in place today. *See* Rule 5-101 NMRA, compiler's note. That same year, in 1972, our Legislature provided by statute that our Supreme Court's rules of criminal procedure would govern the commencement, conduct, and termination of all criminal prosecutions. NMSA 1978, § 31-1-3 (1972). The rules of criminal procedure provide that a prosecution in the district court "may be commenced" by a complaint, an information, or an indictment. Rule 5-201(A) NMRA. The rules require that, if a capital, felonious, or infamous crime is charged by complaint, an information or indictment must be filed within ten days, if the defendant is in custody, or thirty days, if the defendant is not in custody. Rule 5-201(C).

**{17}** Pursuant to this body of law, the State plainly had authority in this case to prosecute Defendant's misdemeanors by filing a criminal information in district court. The fact that the State was not required to proceed by information, and could have filed a criminal complaint instead, does not mean that the State's initiation of the district court proceeding against Defendant by criminal information was unauthorized or improper, as Defendant argues. Accordingly, we reject Defendant's second claim of error.

## CONCLUSION

**{18}** For the reasons stated herein, we affirm.

**{19}  IT IS SO ORDERED.**

**JANE B. YOHALEM, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**SHAMMARA H. HENDERSON, Judge**